IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA ELSTON, and
LARRY ELSTON,

        Plaintiffs

v.                                         CIV 12-0015 MCA/KBM

CACTUS TRANSPORT, INC.,

        Defendant.

## ORDER DENYING MOTION FOR EXPENSES AND FEES

This negligence action was removed to federal court by Defendant on the basis of diversity subject matter jurisdiction. Plaintiffs claim that the "fog seal" applied to a New Mexico road by Defendant became slick in the rain and caused Patricia Elston's motorcycle to slide and injure her. Presiding Chief District Judge Armijo will conduct a bench trial in the Spring 2013. Discovery closed in September without a request for an extension to conduct more, and the dispositive motions deadline passed without any such motions being filed. I will conduct a settlement conference in December. *See, e.g., Docs. 1, 1-2, 18, 21, 53.*

Before the discovery deadline expired, Defendant filed a motion seeking expenses and fees in anticipation of the possibility of conducting additional discovery due to glitches encountered during discovery. *See Doc. 33* at 2 ("As a result of these actions by Plaintiffs and their witnesses, it may be necessary to supplement depositions, if allowed by the Court, thereby forcing Defense counsel to incur significant additional fees and costs."); *id.* at 3 ("Defendant states that it is entitled to reimbursement for costs and fees incurred in the additional discovery that must take place, *if* allowed by the court")

(emphasis added).

Thereafter, I conducted two status conferences and discussed some of the events underlying the motion with counsel.  For the reasons stated in Defendant's motion, memorandum briefs and supplemental filings *(Docs. 33-37)*, it may well be that the actions of Plaintiffs' expert Erin Higinbotham which have significantly delayed discovery efforts could justify the taking of supplemental depositions outside the discovery deadline.  For instance, Plaintiffs failed to advise Defendant of the futility in deposing the expert in Ohio because the necessary testing of those parts had not been completed.  Moreover, Plaintiffs' expert's delay in providing the parts and conducting the testing compromised Defendant in that its expert was denied the opportunity to even see the relevant parts prior to his deposition.  However, Defendant's reference to "supplementing discovery" and the "additional expenses that may be incurred" is amorphous, without identification or specificity.  In that vacuum, the Court declines to award costs and fees for future discovery.

In a separate recently filed motion, Defendant has asked Chief Judge Armijo to find that Plaintiff's expert reports fail to comply with Rule 26 of the Federal Rules of Civil Procedure and prohibit Plaintiffs from using the expert reports at trial.  *See Doc. 48*. I would note that, in the alternative, Defendant request that Chief Judge Armíjo grant the same relief requested on the motion I now address.  Perhaps Defendant can provide more clarity for Chief Judge Armijo's consideration as to the alternative remedy that Defendant proposes.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's motion *(Doc. 33)* is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE