IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA ELSTON & LARRY ELSTON,

        Plaintiffs,

vs.                                                                                          CIV 12-0015 MCA/KBM

CACTUS TRANSPORT, INC.,

        Defendant.

## ORDER ON MOTION TO STRIKE EXPERT TESTIMONY *(Doc. 48)*

THIS MATTER is before the Court on Defendant's Motion to Strike Expert testimony. The parties are fully familiar with the ongoing discovery disputes, especially with regard to the expert reports formulated in this matter and the timing of disclosures relating to the formulation of those initial reports and supplementation.  Therefore, because I find that the alternative relief sought by Defendant is the most appropriate and will cure any prejudice, my analysis will be brief.

Defendant asks that as a sanction under Rule 37 for the Plaintiffs' violations of Rule 26: Lance Robson's supplemental report be excluded as untimely and improper; the report of the new expert attached to Mr. Robson's supplemental report be excluded; and the test results attached to Mr. Higinbotham's report be excluded unless Defendant Cactus is given the opportunity to question the laboratory regarding its results.  *Doc. 57* at 7.   Defendant cites to a four factor test when considering the imposition of sanctions under Rule 37:  (1) the importance of the excluded testimony; (2) the explanation with regard to the failure to disclose initially; (3) the potential prejudice created by allowing the new material; and (4) the ability to cure the prejudice created

by the opposing party. *Doc. 57* at 5.

Defendant concedes the importance of the testimony to Plaintiff. In fact, the expert testimony at issue appears critical to Plaintiffs' case. Defendant argues, however, that the remaining factors favor exclusion.

Plaintiffs contend that the supplemental reports were necessitated by new information received in Defendant's responses to discovery made after preparation of the initial reports. *Doc. 59* at 2 (Plaintiff's expert reports were due on May 17, 2012 which was before Defendant was required to respond to Plaintiffs' discovery requests). Under this theory, it was appropriate to supplement Mr. Robson's report to reflect that the accident arose not because of negligent application of "tack coat," but instead the process of applying "fog seal" to the road surface.

Defendant maintains that the information was not new, but had been contained in its initial disclosures provided to Plaintiffs on March 30, 2012, more than six weeks prior to the preparation and disclosure of Mr. Robson's preliminary report. *See Doc. 57* at 1-2 (initial disclosures included the contract setting forth work to be done by Cactus, the Technical Advisory Guide advising of procedures to be used as to the application of the fog seal, and daily reports summarizing work done on the project). Indeed, Mr. Robson's September 28, 2012 final "Engineer's Report" specifically references the contract requiring the fog seal process.

But, as Mr. Robson points out in the final report, the disclosed contract did not mention the specifications of "blotter sand," and it was the payment records which contained that information upon which his conclusions rely at least in part. Therefore, it appears that some discovery responses received after the initial report may have been helpful to the expert in rendering his final opinions. But, ultimately I agree with Defendant that Plaintiff's experts

2

arguably had sufficient information from the outset to support their final conclusions.

Most important to my decision, however, is that any potential prejudice created by allowing the supplementation can be cured. In the alternative to striking the testimony, Defendant Cactus seeks a court order that Plaintiffs produce all deponents in Albuquerque or pay all expenses, including attorney fees for travel to Pennsylvania and Ohio for depositions. *Id.* Therefore, I will grant the alternative relief requested and require the parties to take the necessary steps to assure that the depositions take place as soon as possible.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE